ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JONATHAN U. LEE (CABN 148792)
Assistant United States Attorney

    450 Golden Gate Avenue, Ninth Floor
    San Francisco, California 94102-3495
    Telephone: (415) 436-7210
    FAX: (415) 436-7027
    Jonathan.Lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 23-203 JSW |
| Plaintiff, | |
| v. | |
| D'MONIEYA DESHAUN GREEN, | |
| Defendant. | |
| UNITED STATES OF AMERICA, | NO. CR 20-072 JSW & 19-356 EXE |
| Plaintiff, | |
| v. | **UNITED STATES' SENTENCING MEMORANDUM** |
| D'MONIEYA DESHAUN GREEN, | |
| Defendant. | |

SENTENCING MEMORANDUM    1
[CR 19-356 EXE, CR 20-072 JSW & CR 23-203 JSW]

## I. INTRODUCTION

Defendant D'Monieya Green will appear before this Court for sentencing for his conduct related to a shooting incident on April 25, 2022, in Oakland, California. There are two matters before the Court for sentencing: 1) a new charge brought by Information for being a felon in possession of a firearm and 2) a violation of the terms of Mr. Green's supervised release. The United States recommends a sentence of 30 months on the new charge and 18 months on the supervised release violation, to run concurrently. This recommended sentence is a variance below the guideline range. As discussed further below, the Section 3553(a) factors weigh in favor of the recommended resolution. These include Mr. Green's status as a new father, his desire to be a presence in his child's life, his positive work history since the prior case, and his plan to relocate so that he can have a stable work and family life away from stressors he has experienced in the Bay Area. The recommended sentence imposes a term of imprisonment greater than the Court's previous sentence while also advancing the other sentencing interests, including Mr. Green's rehabilitation and transition to a law-abiding life.

## II. FACTUAL BACKGROUND

### A. Defendant's Offense Conduct

On April 25, 2022, in Oakland, California, Mr. Green was a driver in a vehicle when he returned gunfire while trying to get away from other, unidentified individuals shooting at him. PSR ¶ 7. At the time, Mr. Green was driving a Toyota Solara in reverse on 76th Avenue approaching the intersection with MacArthur Boulevard, where he struck a median, exited the Solara, and ran inside a nearby market. PSR ¶ 9. A witness observed Mr. Green's flight into the market, and video cameras in the area recorded it. *Id*. Officers recovered Mr. Green's cell phone with his California Identification Card and a loaded Glock 17 9mm handgun from the front seat area of the Solara. PSR ¶ 10. Mr. Green sustained gunshot wounds to his upper leg area. After his transport to the hospital for treatment, medical personnel located a plastic bag that fell from Mr. Green's clothing. PSR ¶ 11. The bag contained 25 knotted balloons, which were later tested at a police laboratory and determined to be heroin. *Id*. Mr. Green admitted in the plea agreement that he knew he had previously been convicted of an offense for which the penalties included a potential term of imprisonment of more than one year, and he had served a term of

imprisonment of more than one year. PSR ¶¶ 33-34. At the time of the April 25, 2022, conduct, Mr. Green was on supervised release, with supervision commencing eight months earlier in October 2021. PSR ¶¶ 13, 34.

### B.    Procedural History

On January 19, 2023, the U.S. Attorney's Office charged Mr. Green by criminal complaint with a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. ECF 1. On July 6, 2023, the U.S. Attorney's Office filed an Information alleging the same charge against Mr. Green, who waived indictment at the arraignment on August 1, 2023. ECF 18, 24. On August 8, 2023, the Court presided at a change of plea hearing at which Mr. Green entered his guilty plea. ECF 25. The parties' plea agreement was filed on August 10, 2023. ECF 26. Mr. Green admitted a violation of his supervised release (Charge One) in the August 8 hearing. PSR ¶ 34.

## III.   PENALTIES

In their plea agreement, the parties calculated the advisory guidelines offense level as 15 after acceptance. Dkt. 26 at ¶ 7. The Probation Department calculates the total offense level as 21 after acceptance. PSR ¶¶ 18-27. The Government stands by its plea agreement. The Government agrees with the criminal history category set forth in the PSR. PSR ¶¶ 35-37. Defendant's criminal history score is 10; therefore, his criminal history category is V. The maximum penalties for a violation of 18 U.S.C. § 922(g)(1) are 15 years imprisonment and three years of supervised release.

## IV.    LEGAL AUTHORITY

### A.    Legal Standard for Determining the Sentence

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id*. The Sentencing Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Kimbrough*, 552 U.S. 85, 108 (2007) (quoting *United States v. Gall*, 552 U.S. 38, 49 (2007)), and are to be kept in mind throughout the process. *See Gall*, 552 U.S. at 50, n. 6. As noted by the Ninth Circuit, the Supreme Court

has "clarified that we may attach a presumption of reasonableness to sentences falling within the Guidelines range." *United States v. Saeturn*, 504 F.3d 1175, 1178 (9th Cir. 2007). After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for defendant, the Court should consider these factors, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need for the sentence imposed to protect the public from further crimes of the defendant;

(5) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**B.     Forfeiture**

Under 18 U.S.C. § 924(d), any firearm or ammunition involved in or used in any knowing violation of Section 922(g), is subject to seizure and forfeiture. In the plea agreement, the parties agreed that the firearm recovered in the April 25, 2022, incident will be forfeited.

**V.     SENTENCING RECOMMENDATION**

**A.     A 30-month sentence is reasonable and appropriate**

The Sentencing Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice." *Rita v. United States*, 551 U.S. 338, 350 (2007). Taking those 18 U.S.C. § 3553 factors into account, a term of imprisonment of 30 months on the new charge with a concurrent term of 18 months

SENTENCING MEMORANDUM                         4
[CR 19-356 EXE, CR 20-072 JSW & CR 23-203 JSW]

on the supervised release violation, is the sentence that is sufficient, but not greater than necessary, to serve the interests of sentencing in this case. This was the Government's view at the time of the plea agreement and continues to be its view, irrespective of the guidelines calculation issue, largely due to the Government's understanding of Mr. Green's history and characteristics.

### 1.  History and characteristics of the defendant

As the PSR documents, Mr. Green has experienced firearms-related trauma for most of his life. This includes not only times when he suffered gunshot wounds but also knowing others in his community killed by gun violence. Mr. Green has had repeated exposure to the stressor of gun violence and it has shaped his conduct in ways he is now addressing. For example, the Government finds significance in Mr. Green's plan to relocate away from these stressors.

As the PSR also documents, Mr. Green was raised primarily by his mother and grandmother. But his father has been largely absent from his life. The PSR describes the negative impact on Mr. Green from his father's distance in his life. Despite this, Mr. Green continues to enjoy the support of his family, including his mother who would welcome him to her home outside of the Bay Area.

Moreover, Mr. Green became a father in 2022, and he is close to both the child and the child's mother. The PSR documents Mr. Green's stated desire to be the kind of father to his child that was missing in Mr. Green's life.  Mr. Green's child's mother is supportive, and her comments in the PSR make it clear that Mr. Green has a family life available to him.

Mr. Green's recent employment history is another relevant circumstance informing the Government's recommendation. While on supervised release, Mr. Green was successful in working at Roots in Oakland, earned a regular paycheck, and by all accounts was a good worker. According to the PSR, Mr. Green worked steadily for approximately eight months. After his detention on this new charge, Mr. Green has worked in the jail's food service. This is not easy work, and as the PSR documents, Mr. Green has demonstrated good work habits. This shows that Mr. Green has taken steps to improve himself and he can in fact have a good work history in which he supports his family and himself.

In sum, Mr. Green's lifelong firearm-related trauma, his plan to relocate, his supportive family, his intention to father his child, and his recent work history are mitigating sentencing factors.

**2.      Seriousness of the conduct, respect for the law, just punishment**

The offense conduct here is undoubtedly serious. Mr. Green was carrying a loaded firearm on April 25, 2022, when he knew he was prohibited from doing so. Somewhat mitigating is the fact that from the surveillance video, it is clear that Mr. Green was in a defensive posture in the incident. Still, the conduct carried the potential to endanger others including bystanders. As an adult, defendant has three felony convictions (his two federal cases resulted in two convictions on the same date), one misdemeanor conviction, and probation violations. PSR ¶¶ 31-34, 38-42. It is noteworthy that Mr. Green's two federal convictions account for more than half of his criminal history points. The recommended sentence imposes a term of imprisonment that will address the seriousness of the conduct and promote the sentencing interests in respect for the law and just punishment.

**3.      The need to protect the community**

The recommended sentence protects the community from Mr. Green's illegally possessed firearm on April 25, 2022 and sends the community an important message that gun violence will not be tolerated. Defendant also possessed about 25 small balloons of heroin. Under the Government's recommended sentence, Mr. Green will serve 30 months imprisonment, which will be his longest term of imprisonment. The recommended sentence will also protect the community from this conduct and send the community that message that such conduct will not be tolerated.

**4.      The need for deterrence**

The recommended sentence serves the sentencing interests of promoting general and specific deterrence. As for general deterrence, any individuals contemplating the illegal possession and use of a firearm or the possession of controlled substances in Oakland or surrounding communities will think twice about this conduct in light of the recommended 30-month sentence. Regarding specific deterrence, Mr. Green will have spent a significant portion of his child's life in prison, under the recommended sentence, which promotes deterrence.

**B.      Supervised Release**

The Government requests that the Court sentence the defendant to a term of three years of supervised release on the new offense conduct. The Government also respectfully requests that the Court

impose the suspicionless search condition in the plea agreement as part of the sentence. The offense conduct and defendant's criminal history both demonstrate the need for this condition upon defendant's release.

### C. Forfeiture

The Government respectfully requests that the Court enter an order of forfeiture of items listed in the indictment – namely, the firearm recovered in the April 25, 2022, incident.

## VI. CONCLUSION

In conclusion, the Government requests that the Court impose a sentence of 30 months of imprisonment and three years of supervised release on the new charge and 18 months of imprisonment on the supervised release violation concurrently. The Government also requests that the Court impose the special condition of supervised release authorizing the suspicionless search of defendant's person, residence, office, vehicle, electronic devices and their data, and any property under defendant's control. Finally, the Government requests that the Court order defendant to pay a $100 special assessment.

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

Dated: January 23, 2024

      /s/
JONATHAN U. LEE
Assistant United States Attorney
Attorney for the UNITED STATES OF AMERICA

SENTENCING MEMORANDUM                 7
[CR 19-356 EXE, CR 20-072 JSW & CR 23-203 JSW]